UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LARATIO L. DANTZLER, #1091006,

        Petitioner,

v.                                      ACTION NO. 2:20cv413

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Laratio L. Dantzler's *pro se* amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the motion to dismiss filed by respondent Harold W. Clarke, Director of the Virginia Department of Corrections ("respondent"). This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 15, be **GRANTED**, and the amended petition for a writ of habeas corpus, ECF No. 5, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I. STATEMENT OF THE CASE

Petitioner Laratio L. Dantzler ("Dantzler"), a Virginia inmate, has submitted a *pro se* amended petition pursuant to 28 U.S.C. § 2254. ECF No. 5. Dantzler alleges his federal rights were violated when he was convicted on March 3, 2017, following a jury trial in the Circuit Court

for the City of Newport News, of two counts of first-degree murder, three counts of attempted robbery, five counts of use of a firearm in the commission of a felony, two counts of brandishing a firearm, and two counts of discharge of a firearm in public, and was sentenced to two life terms plus 65 years in prison. *Id.* at 1; ECF No. 17-1, at 3–13; *Commonwealth v. Dantzler*, Nos. CR16000888-00 to 891-00, CR16000893-00 to 895-00, 16001059-00 to 1061-00, 16001069-00 to 1070-00, 16001075-00 to 1076-00 (Va. Cir. Ct. March 3, 2017).

Dantzler appealed his convictions to the Court of Appeals of Virginia, which denied his appeal on November 9, 2017. ECF No. 17-2, at 1–6; *Dantzler v. Commonwealth*, No. 0390-17-1 (Va. Ct. App. Nov. 9, 2017).

Dantzler filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on April 29, 2019. ECF No. 17-3, at 2–27. *Dantzler v. Clarke*, No. 190549 (Va. Apr. 29, 2019). On August 21, 2019, the Supreme Court of Virginia dismissed the petition as untimely, citing Virginia Code § 8.01-654(A)(2). ECF No. 17-3, at 1.

Dantzler filed a second petition for a writ of habeas corpus in the Supreme Court of Virginia, which was dismissed as untimely on August 13, 2020. ECF No. 17-4, at 16; *Dantzler v. Supreme Court*, No. 200298 (Va. Aug. 13, 2020).

On July 31, 2020, Dantzler submitted a request for an extension of time to file a federal petition for a writ of habeas corpus, which was filed August 12, 2020. ECF No. 1. On October 29, 2020, Dantzler filed his *pro se* amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 5. Dantzler asserts the following entitle him to relief:

(1) he was questioned prior to being read his rights in violation of the Fifth Amendment;

(2) the Commonwealth's attorney lied during an identification hearing in violation of Dantzler's due process rights;

2

(3) an eyewitness lied during Dantzler's preliminary hearing in violation of Dantzler's due process rights; and

(4) the Commonwealth failed to disclose that the eyewitness made a deal in exchange for testifying in Dantzler's case.

*Id.* at 5–10.

On March 15, 2021, respondent filed a Rule 5 answer and motion to dismiss with a memorandum in support. ECF Nos. 15–18. Dantzler filed a response to the motion on June 4, 2021. ECF No. 23.

## II. ANALYSIS

**A. Dantzler's federal habeas petition is barred by the statute of limitations.**

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to federal habeas petitions brought by state prisoners:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A), (d)(2).

The Court of Appeals of Virginia denied Dantzler's appeal of his convictions on November 9, 2017. ECF No. 17-2, at 1–6. Dantzler's convictions became final on December 9, 2017, when he did not petition for an appeal to the Supreme Court of Virginia within thirty days. Va. Sup. Ct. R. 5:14. Dantzler's one-year federal limitations period began to run on December 9, 2017, and, absent tolling, expired on December 9, 2018.

3

B. **Statutory tolling does not apply to extend Dantzler's limitations period.**

Under Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Untimely state petitions do not toll the AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (concluding "a state postconviction petition rejected by the state court as untimely [is not] 'properly filed' within the meaning of § 2244(d)(2)").

Dantzler filed his first state habeas petition on April 29, 2019, after his federal limitations period had expired, and the state petition was denied as untimely. Accordingly, statutory tolling does not apply to extend Dantzler's federal limitations period.

C. **Dantzler is not entitled to equitable tolling.**

AEDPA's statute of limitations provision is subject to equitable tolling. With equitable tolling, petitioners bear the burden of demonstrating that (1) they pursued their rights diligently, and (2) some "extraordinary circumstance" stood in their way that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418).

In his petition, Dantzler asserts his counsel abandoned his direct appeal, did not communicate with him, and refused to raise in his appeal the four grounds contained in Dantzler's federal petition. ECF No. 5, at 4–12. Dantzler argues that counsel's actions caused his petition for a writ of habeas corpus in state court to be barred, ultimately causing the untimely filing of his federal petition. *Id.* at 13. In response to the motion to dismiss, Dantzler clarifies that his counsel's abandoning his case constitutes an extraordinary circumstance preventing timely filing of his federal habeas petition and that he pursued his rights diligently by filing a complaint against his counsel when he discovered his attorney did not advise him of the statute of limitations. ECF

4

No. 23, at 1.

Dantzler has failed to show he is entitled to equitable tolling. Dantzler indicated in his state habeas petition that, on February 9, 2018, he became aware that his appeal to the Court of Appeals of Virginia had been denied on November 9, 2017. ECF No. 17-3, at 8. At the time Dantzler first became aware that his direct appeal had been denied, approximately ten months remained in which he could have either timely filed his federal habeas petition or timely filed his state habeas petition, which would have tolled his federal limitations period. *See* 28 U.S.C. § 2244(d)(1)(A); Va. Code Ann. 8.01-654(A)(2) ("A habeas corpus petition attacking a criminal conviction or sentence shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later."). Accordingly, counsel's abandoning Dantzler's direct appeal does not constitute an extraordinary circumstance warranting equitable tolling because several months remained during which Dantzler could have timely filed his federal petition. *See Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) (holding "petitioner [] failed to show the presence of exceptional circumstances warranting equitable tolling" where "counsel's 90–day delay in informing petitioner that his direct appeal had been denied did not make it impossible . . . to file a federal habeas petition on time") (internal quotation marks and citation omitted).

Dantzler has also failed to show that he acted with the requisite due diligence after discovering on February 9, 2018, that his direct appeal had been denied. Dantzler did not file his first state habeas petition until April 29, 2019, over one year and two months later. *See* ECF No. 17-3, at 2. Further, following the denial of his first state habeas petition as untimely on August 21, 2019, Dantzler waited another eleven months before filing his request for an extension of time

to file his federal habeas petition. *See* ECF No. 1; ECF No. 17-3, at 1. *See also Roberts*, 697 F. Supp. 2d at 653 (holding Roberts failed to act with due diligence when he waited five months after learning of the denial of his direct appeal before filing his state habeas petition and waited another three months after the state petition was denied to file his federal habeas petition); *Pace*, 544 U.S. at 419 (finding petitioner's delay in filing his petition without a valid justification showed a lack of diligence). Dantzler has failed to establish that he pursued his rights diligently or that some extraordinary circumstance prevented the timely filing of his federal habeas petition.

Accordingly, Dantzler is not entitled to equitable tolling and his federal habeas petition is barred by the statute of limitations.

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 15, be **GRANTED**, and the amended petition for a writ of habeas corpus, ECF No. 5, be **DENIED** and **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of

the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
December 10, 2021

### Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

> Laratio L. Dantzler, #1091006
> Sussex II State Prison
> 24427 Musselwhite Dr
> Waverly, VA 23891

Fernando Galindo, Clerk

By /s/ J.L. Meyers
Deputy Clerk

December 10, 2021